IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-00337 CW |
|     Plaintiff, | ORDER ON DEFENDANT'S MOTIONS CHALLENGING THE VALIDITY OF GRAND JURY TRANSCRIPTS |
|   v. | |
| DANIEL MCCOY, | |
|     Defendant.                 / | |

    Although Defendant is still represented by counsel, he filed a motion in pro se challenging the validity of the "April 1, 2009 Grand Jury Reporter's Transcript of Proceedings Testimony of Agent Tehran Palmer."  Docket Nos. 150, 158.  Defendant appears to argue that the indictment in his case is invalid because the underlying grand jury testimony and transcripts from the grand jury proceedings are invalid.  First, he argues that the witness is not properly sworn.  This is incorrect.  The transcript recites that Agent Tehran, "having been duly sworn, testified as follows."  Second, Defendant questions the validity of the April 1, 2009

transcript because it bears close resemblance to the November 9, 2009 transcript. The transcripts from the two proceedings are similar because Agent Tehran was asked similar questions about the same topic in both proceedings. This does not give rise to an inference that the later transcript is a forgery. Third, Defendant takes issue with the fact that the shorthand reporter from the April 1 proceeding "is from the state of California, county of Alameda" and the shorthand reporter from the November 9 proceeding is "from the United States district courts of the Northern district of California." Docket No. 150. The transcripts reflect that both of these court reporters are state certified. Nothing about the reporters is inappropriate.

Fourth, Defendant claims that his attorney redacted the grand jury's investigation number on the April 1 grand jury transcript. However, the government states that it redacted this number, presumably for confidentiality, and such a redaction does not constitute evidence that the second transcript is invalid or forged. Fifth, Defendant argues that his indictment is invalid because it is based on hearsay testimony. However, hearsay is admissible in proceedings before the grand jury which result in the return of indictments. See Costello v. United States, 350 U.S. 359, 363-64 (1956); United States v. Al Mudarris, 695 F.2d 1182, 1185 (1983) ( "It is well settled that an indictment may be based solely on hearsay."). Sixth, Defendant requests a copy of the grand jury's deliberation votes for the April 1 indictment; however, nothing in the federal rules requires such disclosure.

In sum, after reviewing the indictments and the transcripts

2

from the grand jury proceedings, the Court concludes that they are valid.  Further, there is no evidence that anybody, including Defendant's attorney, forged, or in any way "doctored," the transcripts from the grand jury proceedings.  Accordingly, Defendant's motions are denied.  Docket Nos. 150 and 158.

The Court reminds Defendant of the March 31, 2010 Order "Regarding Discovery of Grand Jury Witnesses' Testimony."  The Order states that grand jury materials may only be used by Defendant and defense counsel and only "for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose."  Order at ¶ 1.  The Order also provides,

> 2. The Defense shall take all reasonable steps to
> (a) maintain the confidentiality of this Discovery and
> (b) safeguard this Discovery from inadvertent disclosure or review by any third party.
>
> 3. The Defense may share this Discovery material with any investigators, consultants or experts retained by the Defense in connection with this case provided that the Defense informs any such individual(s) of this Order and obtains their written consent to comply with and be bound by its terms.

Id. at ¶¶ 2-3.  Despite this Order, Defendant stated, "I sent copies of the grand jury's 'Reporter's transcript of proceedings' to my family to have investigated."  Docket No. 150.  This is a violation of the Court's order because there is no evidence that any member of Defendant's family has been retained in connection with this case or that any member of his family has provided written consent that he or she will comply with the Order.  Unless Defendant comes forward with such evidence, he shall immediately return or certify the destruction of any copies of the transcripts sent to family members or any other person who is not defense

3

counsel or a retained defense investigator, consultant or expert.

IT IS SO ORDERED.

Dated: 06/17/10

                                 CLAUDIA WILKEN
                                 United States District Judge