IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DANIEL LAWRENCE MCCOY,<br><br>      Defendant.<br>_____/ | No. CR 09-00337-1 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS AND MOTION TO DISMISS FOR VINDICTIVE PROSECUTION<br>(Docket No. 69) |

    Defendant Daniel Lawrence McCoy moves to sever counts in the November 19, 2009 superseding indictment. He also moves to dismiss his case for vindictive prosecution. The government opposes Defendant's motions. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Defendant's motion to sever and motion to dismiss for vindictive prosecution.

BACKGROUND

    On April 1, 2009, a grand jury returned an indictment, charging Defendant with three counts: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). These charges

stem from Defendant's arrest in Richmond, California on February 28, 2009. The indictment alleges that Defendant possessed, with the intent to distribute, approximately seventy-nine methadone pills and carried a firearm at the time.

On July 14, 2009, Defendant moved to suppress evidence from his February 3, 2009 arrest, which occurred in El Cerrito, California, and the February 28 arrest in Richmond. At that time, he had not yet been charged with any offense based on his February 3 arrest, although he knew that a superseding indictment regarding that arrest was impending. Defendant's motion was denied.

On November 19, 2009, a grand jury returned a superseding indictment, charging Defendant with an additional count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii). This charge relates to Defendant's February 3 arrest in El Cerrito. The superseding indictment alleges that, on February 3, Defendant possessed, with the intent to distribute, five grams or more of a mixture containing crack cocaine.

Defendant filed his current motions on March 5, 2010. His motions were held in abeyance pending an evaluation of his competency to stand trial and a change in his counsel. On September 28, 2010, through his new attorney, Defendant renewed these motions.

DISCUSSION

I.   Motion to Sever Counts

Defendant moves to sever the count arising from his February 3 arrest from the counts related to his February 28 arrest. He

2

maintains that the counts were misjoined and that, even if they were not, their joinder would prejudice him at trial.

Under Federal Rule of Criminal Procedure 8(a), counts may be joined in an indictment "only 'if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" United States v. Smith, 795 F.2d 841, 850 (9th Cir. 1986) (quoting Fed. R. Crim. P. 8(a)), cert. denied, 481 U.S. 1032 (1987). The term "transaction" is to be interpreted flexibly and "may comprehend a series of related occurrences." United States v. Kinslow, 860 F.2d 963, 966 (9th Cir. 1988), cert. denied, 493 U.S. 829 (1989). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990).

Even if counts are properly joined, a court has discretion to order separate trials of counts if "the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Ninth Circuit has instructed that the "test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976). Prejudice may arise in that a defendant (1) "may become embarrassed or confounded in presenting separate defenses"; (2) "the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of

3

the defendant from which is found his guilt of the other crime or crimes charged"; (3) "the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find"; or (4) "[c]harging several crimes may . . . create a latent feeling of hostility toward the defendant." United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964)) (internal quotation marks omitted). In evaluating a request to sever based on Rule 14(a), courts must be mindful that "'joinder is the rule rather than the exception.'" United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)).

    Defendant argues that the charges were misjoined because the alleged offenses occurred several weeks apart and in different cities. However, the February 3 and February 28 incidents both involve drug transactions, and the charged drug offenses are of the same or similar character. Defendant's case is analogous to United States v. Rousseau, in which the indictment contained two charges for being a felon in possession with a firearm, even though the offenses occurred approximately eight months apart, in two different cities, and involved separate firearms. 257 F.3d 925, 931-32 (9th Cir. 2001). The Ninth Circuit held that the two charges were joined properly because they were of the same or similar character. Id. at 932.

    Defendant's reliance on Terry is unavailing. There, the district court denied the defendant's motion to sever two drug-related charges from a charge for being a felon in possession of a

4

firearm. 911 F.2d at 276. The drug charges related to the defendant's arrest for possession of methamphetamines and precursor chemicals; the firearm charge arose from a search of the defendant's home, five days after his arrest, during which a shotgun was found in a closet. Id. The Ninth Circuit concluded that the counts were misjoined because the drug crimes were "wholly different" from the firearm possession charge. Id. Based on the indictment, there was no suggestion that the offenses were of the same or similar character. Id. Here, although the offenses occurred on different dates, the drug charges bear some relationship to each other. Consequently, Terry is distinguishable and does not warrant severance in this case.

Further, Defendant does not show that he would be prejudiced by joinder. He provides only conclusory arguments that a single trial on the alleged February 8 and February 29 drug offenses would embarrass and confound him in raising his defense and risk "prejudicial perceptions" by the jury. Mot. at 7. However, he does not explain how his right to testify will be compromised, nor why limiting instructions, if necessary, will be ineffective.

Accordingly, Defendant's motion to sever is denied.

II. Motion to Dismiss for Vindictive Prosecution

Defendant asserts that the charge based on his February 3 arrest in El Cerrito appears to be the product of vindictive prosecution. He maintains that the government charged him with the additional drug offense because he exercised his constitutional right by moving to suppress evidence.

"A prosecutor violates due process when he seeks additional

5

1 charges solely to punish a defendant for exercising a
2 constitutional or statutory right." United States v. Gamez-Orduno,
3 235 F.3d 453, 462 (9th Cir. 2000) (citation omitted).  However,
4 claims of vindictive prosecution are viewed differently "when the
5 additional charges are added during pretrial proceedings,
6 particularly when plea negotiations are ongoing, than when they are
7 added during or after trial."  Id.  In "the context of pretrial
8 plea negotiations vindictiveness will not be presumed simply from
9 the fact that a more severe charge followed on, or even resulted
10 from, the defendant's exercise of a right."  Id.

11     Here, the challenged prosecutorial conduct occurred during
12 pretrial proceedings and apparently when plea negotiations were
13 taking place.  Defendant's motion to dismiss rests only on the fact
14 that the superseding indictment was returned after he filed a
15 motion to suppress.  This is not sufficient to raise a presumption
16 of vindictive prosecution.  In Gamez-Orduno, the court rejected a
17 similar challenge by the defendants, who asserted that they were
18 charged with additional offenses because they moved to suppress
19 evidence.  235 F.3d at 462.  The court explained that charging
20 additional offenses after a defendant files a motion to suppress,
21 "without more, raises no presumption of vindictiveness."  Id. at
22 463.

23     Accordingly, Defendant's motion to dismiss based on vindictive
24 prosecution is denied.

## CONCLUSION

26     For the foregoing reasons, the Court DENIES Defendant's motion
27 to sever and motion to dismiss for vindictive prosecution.  (Docket

6

No. 69.)

    A final pretrial conference is set for November 3, 2010 at 2:00 p.m.  A five-day trial is scheduled to begin on November 15, 2010 at 8:30 a.m.

    IT IS SO ORDERED.

Dated: 11/12/2010

*(signature)*
CLAUDIA WILKEN
United States District Judge