IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DANIEL LAWRENCE MCCOY,

        Defendant.
        /

No. CR 09-0337 CW

ORDER DENYING MOTION FOR NEW TRIAL (Docket Nos. 240 and 248)

Defendant Daniel Lawrence McCoy, through his attorney, has filed a motion for a new trial. In addition, he personally has filed a "Notice of Intent to Preserve My Right to a New Trial under F.R.cr.P, Rule 59(e) on This Date 11-23-2010."[1] Defendant asserts that a new trial is required based on ineffective assistance of counsel, procedural error in joinder, inconsistent verdicts and cumulative error.

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Defendant's counsel did not provide ineffective assistance, let alone deficient representation that warrants a new trial.

Defendant's renewed objection to the joinder of Count One, which arose from his February 3, 2009 arrest, to Counts Two through Four, which arose from his February 28, 2009 arrest, is not well taken for the reasons stated in the Court's November 12, 2010 Order

---

[1] The Court understands Defendant's notice to refer to Federal Rule of Criminal Procedure 33. There is no Federal Rule of Criminal Procedure 59(e).

Denying Defendant's Motion to Sever Counts. (Docket No. 229.)

The jury's verdicts are not inconsistent. The jury could not reach a verdict on Count Two, which charged Defendant with possession of methadone with intent to distribute; found him not guilty as to Count Three, which charged him with carrying a firearm in relation to a drug trafficking crime; and found him guilty as to Count Four, which charged him with being a felon in possession of a firearm and ammunition. Unlike Counts Two and Three, Count Four did not require evidence that Defendant had committed a drug offense. Thus, the verdicts are reconcilable. Even if there were an inconsistency, this would not warrant a new trial. See <u>United States v. Powell</u>, 469 U.S. 57, 68-69 (1984); <u>United States v. Dota</u>, 33 F.3d 1179, 1187 (9th Cir. 1994).

Finally, Defendant complains of cumulative error. However, all of Defendant's foregoing complaints lack merit.

Accordingly, Defendant's motion for new trial is DENIED. (Docket No. 240.)

IT IS SO ORDERED.

Dated: January 7, 2011

CLAUDIA WILKEN
United States District Judge