ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 09-00337 CW |
|     Plaintiff, | **[~~PROPOSED~~] ORDER OF DETENTION** |
|   v. | |
| DANIEL LAWRENCE MCCOY, | |
|     Defendant. | |

The parties appeared before the Honorable Kandis A. Westmore on October 11, 2018, for a detention hearing on a supervised release violation petition, following the arrest of defendant, Daniel Lawrence McCoy. The current proceedings relate to the Third Amended Petition for Warrant for Offender Under Supervision ECF No. 416.

At the hearing, the government moved to detain McCoy, arguing that defendant could not meet his burden of demonstrating by clear and convincing evidence that he is not a danger to another person. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that McCoy be detained, due to the danger he poses to others, and based upon McCoy's long history of violating the conditions of his supervised release.

McCoy opposed the detention motion and asked to be released from custody. He argued that a residential reentry center ("halfway house") placement and other conditions could mitigate the danger to the community.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against McCoy, the Court finds that McCoy has not met his burden to provide clear and convincing evidence that he does not pose a danger to any other person or the community. The Court therefore orders McCoy detained.

In considering the Court's record and the information presented at the hearing, the Court finds that McCoy did not meet his burden to provide clear and convincing evidence that he is not a danger at this time because: (1) the Third Amended Petition alleges a new violation based on defendant's arrest by officers of the Richmond Police Department on charges of violating California Health & Safety Code §§ 11378 (Possession of Controlled Substance for Sale, a felony), 11359 (Possession of Marijuana for Sale, a felony), and 11351 (Possession/Purchase for Sale a Controlled Substance, a felony). According to the Third Amended Petition, defendant was detained after officers observed him make a drug sale out of the trunk of his vehicle on September 18, 2016. The officers located marijuana, heroin, methamphetamine, Acetaminophen/Oxycodone, Acetaminophen/Hydrocodone Bitartrate, and Oxycodone Hydrochloride in the trunk, and cash on defendant's person; (2) at the time of his arrest, the Second Amended Petition was pending against defendant, and he had admitted to violations 2, 4, and 6 (involving positive drug tests); (3) McCoy has had many prior petitions to revoke or modify supervised release dating back to 2014, alleging a variety of violations including failing to report upon release from custody, failure to complete residential and outpatient treatment, failure to follow the instructions of the probation officer, violating California law by possession of methamphetamine for sale and possession of metal knuckles, and failure to reside as directed in a residential reentry center; (4) defendant faces

mandatory revocation of his supervised release on the current Third Amended Petition pursuant to 18 U.S.C. § 3583(g); and (5) McCoy's prior felony convictions include being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). As such, there are no conditions or combination of conditions that will reasonably assure the safety of the community.

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: ___10/23/18_____

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge